Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff*
*and All Others Similarly Situated*

**THIERMAN BUCK**
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARYANN LEGLISE, on behalf of herself and all other similarly situated individuals,

Plaintiff,

vs.

POST ACUTE MEDICAL, PLLC, d/b/a PAM HEALTH; PAM SPECIALTY HOSPITAL OF RENO; PAM SPECIALTY HOSPITAL OF LAS VEGAS and DOES 1 through 50, inclusive,

Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1) Failure to Pay Overtime in Violation of 29 U.S.C. § 207;

2) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, et seq.

3) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016;

4) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018; and

5) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050.

**LIEN REQUESTED PURSUANT TO NRS 608.050**

**JURY TRIAL DEMANDED**

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

COMES NOW Plaintiff MARYANN LEGLISE ("Plaintiff"), on behalf of herself and all other similarly situated and typical persons, and alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her Counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b), which states: "An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

2. This Court also has supplemental jurisdiction over the state law claims alleged pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence (*i.e.*, the failure to properly pay all wages due and owing for compensable work performed yet unpaid) and there is no conflict between the procedures applicable to the FLSA and State law claims. *See Busk v. Integrity Staffing Solss, Inc.*, 713 F.3d 525, 528-30 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an opt-in mechanism does not create a conflict warranting dismissal of the state law claims." (reversed on other grounds)).

3. A party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Constitution, Article 15 Section 16, and Nevada Revised Statutes ("NRS") sections 608.140, 608.018, and 608.020-.050. *See Neville v. Eighth Judicial Dist., Terrible Herbst, Inc.*, 133 Nev. Adv. Op. 95 (Dec. 7, 2017), 406 P.3d 499 (2017); *HG Staffing, LLC, et al. v. Second Judicial District Court,* Nevada Supreme Court Case No. 79118 (May 7, 2020) ("In *Neville v. Eighth Judicial District Court*, 133 Nev. 77, 406 P.3d 499 (2017), we held, by necessary implication, the exhaustion of administrative remedies is not required before filing an unpaid-

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

wage claim in district court.”). Plaintiff has made a proper demand for wages due pursuant to NRS 608.140.

4. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS 608.050.

5. Plaintiff made a proper demand for wages due pursuant to NRS 608.140 on April 2, 2026.

6. Venue is proper in this Court because the Defendants named herein maintain a principal place of business or otherwise are found in this judicial district, and many of the acts complained of herein occurred in Washoe County, Nevada.

**PARTIES**

7. Plaintiff MARYANN LEGLISE (“Plaintiff”) is a natural person who was employed by Defendants POST ACUTE MEDICAL (“PAM HEALTH”), in their Reno, Nevada location, from on or about January 21, 2024, to January 2, 2026.

8. Defendant POST ACUTE MEDICAL, PLLC, d/b/a PAM HEALTH (“Defendants” or “PAM Health”) is an active foreign limited liability company, incorporated in Delaware. Defendant PAM Health maintains a registered agent in the State of Nevada with a mailing address of 112 North Curry Street, Carson City, Nevada 89703. PAM HEALTH maintains a principle place of business at 1828 Good Hope Road, Suite 102, Enola, Pennsylvania, 17025.

9. Defendant PAM SPECIALTY HOSPITAL OF RENO (“Defendants” or “PAM Reno”) is a Nevada foreign limited liability company. Defendants PAM Health Reno maintains a registered agent in the state of Nevada with a mailing address of 112 North Curry Street, Carson City, Nevada 89703.

10. PAM Reno is located at 235 West 6th Street, Second Floor, Reno, Nevada 89503.

11. Defendant PAM SPECIALTY HOSPITAL OF LAS VEGAS, (“Defendants” or “PAM Las Vegas”) is a Nevada foreign limited liability company. Defendants PAM Las Vegas maintains a registered agent in the state of Nevada with a mailing address of 112 North Curry Street, Carson City, Nevada 89703.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

12. The active authorized signer for PAM Health is Anthony F. Misitano, located at 1828 Good Hope Road, Suite 102, Enola, PA 17025. Anthony F. Misitano is also the Manager for PAM Reno and PAM Las Vegas at the same 1828 Good Hope Road, Suite 102, Enola, PA 17025, address. *See https://esos.nv.gov/EntitySearch/OnlineEntitySearch* (last visited, March 12, 2026).

13. Plaintiff's paystubs are issued by Defendants, PAM HEALTH - PAM Specialty Hospital of Reno, 1828 Good Hope Road, Suite 102, Enola, Pennsylvania, 17025.

14. Based on information and belief, at all relevant times, Defendants were the partners, joint ventures, agents, co-conspirators, servants, and employees of each of the other Defendants herein, and were acting at all relevant times within the scope, purpose and authority of said partnership, joint venture, agency, service, employment, and conspiracy, and with the knowledge, consent, permission, acquiescence, and ratification of their co-defendants.

15. At all times relevant, Defendant(s) were managing employee(s) and agent(s) of Defendants.

16. Defendants had custody and/or control over Plaintiff and her employment and were responsible for Plaintiff's labor and employment matters, including policies and procedures, as well as Plaintiff's wages, and other related policies.

17. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or POST ACUTE MEDICAL, PLLC, d/b/a PAM HEALTH" and "PAM SPECIALTY HOSPITAL OF RENO" and PAM SPECIALTY HOSPITAL OF LAS VEGAS herein shall mean "Defendants and each of them."

/ / /

/ / /

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

## FACTUAL ALLEGATIONS

### A. The Parties

18. Defendants are a "post-acute care, recovery, and empowerment" provider with "70+ Hospitals Across the US", "200+ Caring Employees per Hospital", and has been in operation for 19 years. *See https://pamhealth.com/about/* (last visited, March 11, 2026).

19. PAM Health operates four (4) locations in Nevada that provide inpatient and outpatient care. (*Id.*)

20. PAM Reno provides "specialty care in Reno, NV" for brain, heart, lungs, chronic conditions, orthopedic, and other medical conditions, such as complex medical conditions, infection, and wound care. *See https://pamhealth.com/hospitals/pam-health-specialty-hospital-of-reno/#services* (last visited, March 11, 2026).

21. PAM Las Vegas maintains three locations: (1) PAM Health Rehabilitation Hospital of Centennial Hills, 6166 North Durango Drive, Las Vegas, Nevada 89149, (2) PAM Health Specialty Hospital of Las Vegas, 2500 North Tenaya Way, Las Vegas, Nevada 89128, and (3) PAM Health Rehabilitation Hospital of Henderson, 930 Gibson Road, Henderson, Nevada 89011. https://pamhealth.com/find-a-location/ (last visited, March 11, 2026).

22. Plaintiff was employed as a non-exempt hourly paid Registered Nurse by Defendants at their PAM Reno location from on or about January 21, 2024, to on or about January 3, 2026, when she was terminated.

23. Plaintiff was paid $51.27 per hour at the time of her termination, plus bonuses and weekend overtime rates.

24. Plaintiff was regularly scheduled three (3) days a week, twelve (12) hour shifts, plus she was required to pick up random and weekend shifts, which resulted in Plaintiff working over forty hours in a workweek. Plaintiff recalls working more than forty (40) hours in a week on several occasions, including Christmas Day 2025, when she worked an extra shift due to staffing issues.

25. Defendants required Plaintiff and all of its non-exempt hourly paid employees to record their hours worked through a computer log-in and out with their own personal username and password.

26. Defendants required Plaintiff and all of its non-exempt hourly paid employees to clock in at the time clock at the beginning of their work shift and to clock out at the end of their work shift.

27. All training documents, pre-employment and post-employment review testing such as but not limited to "Wound Care", "Handling Patient Transfers", the requirements for nursing stations, instruction specific to donning and doffing of PPE, orientation test packets, as well as "Key Human Resources Policies" including but not limited to "Compensation Reviews", "Employee Counseling and Discipline", "Tardiness", "Employee Dress Standards", "Harassment", "Paid Benefit(s)", such as vacation and sick time, "Promotions, Transfers and Demotions", and the "Compliance Code of Conduct" are issued by Defendant POST ACUTE MEDICAL, d/b/a PAM HEALTH.

**B. Defendants' FLSA Violations**

28. Defendants also required Plaintiff and all of its non-exempt hourly paid employees to clock out of the time clock for their meal break and to clock back in at the end of their meal break.

29. Pursuant to the FLSA, a "workday" is defined as "the period between the commencement and completion on the same workday of an employee's principle activity or activities. It includes all time within that period, whether or not the employee engages in work throughout all of that period." *See* 29 C.F.R. § 790.6(b).

30. Meal periods of short duration, running from 5 minutes to 20 minutes or less, must be counted as hours worked. *See* 29 C.F.R. § 785.18.

31. These short periods of time must be compensated at the employee's hourly rate of pay or overtime premium rate of pay, where applicable. *See* 29 U.S.C. § 207.

32. Despite requiring Plaintiff and all of its non-exempt hourly paid employees to accurately record their meal periods, Defendants did not compensate Plaintiff and all of its non-exempt hourly paid employees when they took a meal break that was 20 minutes or less.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

33. As evidenced by Exhibit A, Defendants undercompensated Plaintiff for not less than 27 meal breaks, or 7.7% of her meal breaks during her employment. Defendants therefore owe Plaintiff at least $1,092.61 for FLSA meal period violations alone, including interest and liquidated damages provided by statute. *See* Exhibit A, Leglise Damages.

34. Defendants' unlawful failure to compensate for hours worked resulting from meal periods that were 20 minutes or less was a uniform practice that applied to all other similarly situated employees in the same fashion as Plaintiff.

**C. Nevada Meal Break Violations**

37. Despite requiring Plaintiff and all of its non-exempt hourly paid employees to accurately record their meal periods, Defendants did not compensate Plaintiff and all of its non-exempt hourly paid employees when they did not take a full 30-minute meal period. Nevada law states that the continuous period of work is not interrupted (therefore, wages must continue to accrue and be paid) unless an employee receives a full 30-minute meal break. *See* NRS 608.019(1) ("No period of less than 30 minutes interrupts a continuous period of work for the purposes of this subsection.").

38. NRS 608.019(1) states in full:

> An employer shall not employ an employee for a continuous period of 8 hours without permitting the employee to have a meal period of at least one-half hour. No period of less than 30 minutes interrupts a continuous period of work for the purposes of this subsection.

39. Plaintiff and similarly situated individuals clocked out for meal periods that were less than 30 minutes in duration during a continuous 8-hour shift on many occasions.

40. Ordinarily, an employer would not be required to compensate his or her employees for non-productive work time, but here, the Nevada Legislature has altered the traditional employment relationship to require that employees who do not receive a full 30-minute non-productive meal break, resulting in time worked, must be counted as hours worked, and must be paid.

41. Defendant did not compensate Plaintiff and similarly situated individuals for the full 30-minute meal period when they took meal breaks of less than 30 minutes in duration during a continuous 8-hour shift.

42. As evidenced by Exhibit A, Defendants undercompensated Plaintiff for 324 of 350 shifts, or 92.8% of the time during her employment. *See* Exhibit B, Leglise Damages. By failing to compensate her for her wages when she did not receive a full 30-minute meal break, Defendants owe Plaintiff at least $8,507.81 for Nevada meal period violations alone, plus interest.

43. Defendants' unlawful failure to compensate for hours worked resulting from meal periods that were less than 30 minutes was a uniform practice that applied to all other similarly situated employees in the same fashion as Plaintiff.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

44. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

45. Plaintiff brings this action on behalf of herself and all other similarly situated and typical patient care employees employed in Nevada as both a collective action under the FLSA and a true class action under Nevada law.

46. The **FLSA Class** is defined as follows: **All current and former non-exempt patient-care employees who were employed by Defendants in the State of Nevada during the relevant time period**.

47. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those she seeks to represent for the following reasons, among others:

A. Defendants employed Plaintiff as an hourly-paid patient-care employee who did not receive proper regular rate or overtime pay for breaks of twenty (20) minutes or less, at one and one-half times the regular hourly rate of pay for all hours worked over forty (40) hours in a workweek.

B. Plaintiff's situation is similar to those she seeks to represent because Defendants failed to pay Plaintiff and all other FLSA Class Members for short meal

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

breaks without compensation, but with the knowledge acquiescence, and/or approval (tactic as well as expressed) of Defendants' managers and agents.

C. Common questions exist as to: 1) Whether breaks of twenty (20) minutes or less must be paid to Plaintiffs and all other FLSA Class Members; and 2) Whether Defendants failed to pay Plaintiffs and FLSA Class Members m one and one-half times their regular hourly rate for all hours worked in excess of 40 hours a week.

D. Upon information and belief, Defendants employ, and have employed, in excess of 100 FLSA Class Members within the applicable statute of limitations.

48. Plaintiff has signed a Consent to Sue form, which is being filed concurrently herewith as Exhibit B. Consent to sue forms are not required for state law claims under Rule 23 of the Nevada Rules of Civil Procedure.

49. Plaintiff brings this action on behalf of herself and the following **Nevada Classes:**

> **Nevada Meal Break Class:** All nonexempt hourly paid employees employed by Defendants in the State of Nevada who clocked out for a meal break lasting less than 30 minutes in duration during a continuous shift of 8 hours or more at any time during the relevant time period alleged herein.
>
> **Continuation Wage Class:** All members of the FLSA and/or Nevada Meal Break Class who are no longer employed by Defendants.

50. Federal Rule of Civil Procedure ("FRCP") 23 Class action status is appropriate for the Nevada Classes in this case for the following reasons:

A. <u>The Classes are Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 100 members of the Nevada Classes within the applicable statute of limitations. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of the Nevada Classes as well as their numerosity.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

B. Common Questions of Law and Fact Exist: Common questions of law and fact exist and predominate as to Plaintiff and members of the Nevada Classes, including, without limitation:

1) Whether Plaintiff and members of the FLSA Meal Break Class should have been compensated for meal breaks of less than 30 minutes in duration during a continuous 8-hour shift; and

2) Whether Plaintiff and members of the Continuation Wage Class can recover continuation wages for Defendants' unlawful wage practices.

C. Plaintiff's Claims are Typical to Those of Fellow Class Members: Each member of the Nevada Classes are and were subject to the same practices, plans, or policies as Plaintiff: (1) Defendant did not compensate Plaintiff and all other members of the Nevada Meal Break Class for meal breaks that were less than 30 minutes in duration during a continuous 8-hour shift; and (2) as a result of the federal and state wage-hour violations set forth herein, Plaintiff is a former employee who was not compensated his full wages due and owing at the time of separation of employment.

D. Plaintiff is an Adequate Representative of the Classes: Plaintiff will fairly and adequately represent the interests of members of the Nevada Classes because Plaintiff is a member of the Nevada Classes, she has common issues of law and fact with all members of the Classes, and she does not have any interests antagonistic to the members of the Classes. Plaintiff and her Counsel are aware of their fiduciary responsibilities to members of the Nevada Classes and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the Classes.

E. A Class Action is Superior/Common Claims Predominate: A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Classes is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense. Furthermore, the expenses and burden of individualized

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

litigation would make it difficult or impossible for individual members of the Classes to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

**FIRST CAUSE OF ACTION**

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 207**

(On Behalf of Plaintiff and all members of the FLSA Class)

51. Plaintiff realleges and incorporates by this reference all the paragraphs above in the Complaint as though fully set forth herein.

52. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

53. Pursuant to the FLSA, a "workday" is defined as "the period between the commencement and completion on the same workday of an employee's principle activity or activities. It includes all time within that period, whether or not the employee engages in work throughout all of that period." *See* 29 C.F.R. § 790.6(b).

54. Meal periods of short duration, running from 5 minutes to 20 minutes or less, must be counted as hours worked. *See* 29 C.F.R. § 785.18.

55. Short periods of time must be compensated at the employee's overtime rate of pay for hours worked over forty in a workweek. *See* 29 U.S.C. § 207.

56. By failing to compensate Plaintiff and the FLSA Class Members for meal periods of less than 20 minutes, Defendants have failed to pay Plaintiff and the FLSA Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. § 207(a)(1).

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

57. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices were unlawful and unfair and acted in deliberate or reckless disregard of federal labor laws.

58. Wherefore, Plaintiff demands for herself and for all others similarly situated that Defendants pay Plaintiff and the FLSA Class Members their applicable overtime rate of pay for all hours worked during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**SECOND CAUSE OF ACTION**

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, et seq.**

(On Behalf of Plaintiff and all members of the Nevada Meal Break Class)

59. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

60. Article 15 Section 16 of the Nevada Constitution sets forth the minimum wage requirements in the State of Nevada and further provides, "[t]he provisions of the section may not be waived by agreement between an individual employee and an employer. . . . An employee claiming violation of the section may bring an action against his or her employer in the courts of this State to enforce the provisions of the section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement, or injunctive relief. An employee who prevails in any action to enforce the section shall be awarded his or her reasonable attorney's fees and costs." The current provision sets the Nevada minimum wage as follows: "Except as otherwise provided in this section, beginning July 1, 2024, each employer shall pay a wage to each employee of not less than twelve dollars ($12) per hour worked." Nev. Const. Art. 15 Sec. 16(1).

61. Along with Article 15, Section 16 of the Nevada Constitution, NRS 608.250 sets forth the applicable minimum wage rate:

> 1. Each employer shall pay to each employee of the employer a wage of not less than:

. . .

(d) Beginning July 1, 2022:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $9.50 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.50 per hour worked.

(e) Beginning July 1, 2023:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $10.25 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.25 per hour worked.

(f) Beginning July 1, 2024:

(1) If the employer offers health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $11.00 per hour worked.

(2) If the employer does not offer health benefits to the employee in the manner described in Section 16 of Article 15 of the Nevada Constitution, $12.00 per hour worked.

2. It is unlawful for any person to employ, cause to be employed or permit to be employed, or to contract with, cause to be contracted with or permit to be contracted with, any person for a wage less than that established by this section.

62. Defendants failed to pay Plaintiff and the Class any wages for meal breaks of less than 30 minutes in duration. Indeed, Defendants paid Plaintiff and the Class zero dollars ($0.00) for meal break times that were less than 30 minutes. Zero dollars ($0.00) is less than Nevada's applicable minimum wage rate.

63. Wherefore, Plaintiff demands for herself and for Class Members payment by Defendants at the minimum wage for all meal breaks that have been less than 30 minutes for the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## <u>THIRD CAUSE OF ACTION</u>

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

(On Behalf of Plaintiff and all members of the Nevada Meal Break Class)

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

64. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

65. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

66. NRS 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

67. Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

68. Defendants maintain a policy and practice of failing to compensate Plaintiff and all other members of the putative Class for meal breaks that are less than 30 minutes in duration.

69. Wherefore, Plaintiff demands for herself and for all Class Members payment by Defendants at their regular rate of pay, or any applicable overtime premium rate, whichever is higher, for all meal break hours that were less than 30 minutes for the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

## <u>FOURTH CAUSE OF ACTION</u>

### Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018

(On Behalf of Plaintiff and all members of the Nevada Meal Break Class)

70. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

71. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

72. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

> than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

73. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

74. Based on their unlawful meal break policy and practice, Defendants failed to pay overtime when Plaintiff and members of the Class did not receive a full 30-minute meal period.

75. Wherefore, Plaintiff demands for herself and for all Class Members, payment by Defendants at the premium overtime rate of one and one half their regular rate for all Class Members who worked in excess of forty (40) hours a workweek, for hours worked when meal periods were less than 30-minutes in duration, during the relevant time period alleged herein, together with attorneys' fees, costs, and interest as provided by law.

**<u>FIFTH CAUSE OF ACTION</u>**

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

(On Behalf of Plaintiff and all members of the Nevada Continuation Wage Class)

76. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

77. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

78. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

79. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

80. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

81. By failing to pay Plaintiff and all members of the FLSA and Nevada Classes for all hours worked in violation of state and federal law, and at the correct regular rate and/or overtime rate, Defendants have failed to timely remit all wages due and owing to Plaintiff and all members of the Classes.

82. Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiff and all Nevada Continuation Wage Class Members.

83. Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for Plaintiff and Nevada Continuation Wage Class, together with attorneys' fees, costs, and interest as provided by law.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, individually and on behalf of all members of the FLSA and Nevada Classes alleged herein, prays for relief as follows:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA Class members so they may participate in the lawsuit;
2. For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of all members of the Nevada Classes;

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

3. For an order appointing Plaintiff as the Representative of the FLSA and Nevada Classes, and her counsel as Class Counsel for the FLSA and Nevada Classes;

4. For damages according to proof for overtime compensation under federal law for all hours worked over 40 per week;

5. For liquidated damages pursuant to 29 U.S.C. § 216(b);

6. For damages according to proof under Nevada law for minimum wage rate, the regular rate, or the overtime premium rate, if applicable, for all hours worked but not paid;

7. For continuation wages pursuant to NRS 608.140 and 608.040-.050;

8. For interest as provided by law at the maximum legal rate;

9. For reasonable attorneys' fees authorized by statute;

10. For costs of suit incurred herein;

11. For pre-judgment and post-judgment interest, as provided by law; and

12. For such other and further relief as the Court may deem just and proper.

DATED: April 2, 2026

THIERMAN BUCK

*/s/Leah L. Jones*
Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
325 West Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff and*
*All Others Similarly Situated*