Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
**THIERMAN BUCK**
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

*Attorneys for Plaintiff
and the putative classes*

Allison C. Williams, Bar No. 24075108
(Texas)
acwilliams@littler.com
*Admitted Pro Hac Vice*
William R. Liles, Bar No. 24083395 (Texas)
wliles@littler.com
*Admitted Pro Hac Vice*
**LITTLER MENDELSON, P.C.**
1301 McKinney St., Ste. 1900
Houston, Texas 77010
Telephone:      713-652-4700
Fax No.:          713-513-5962

Diana G. Dickinson, Esq.
Nevada Bar No. 13477
**LITTLER MENDELSON, P.C**.
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
Telephone:      702.862.8800
Fax No.:          702.862.8811
ddickinson@littler.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARYANN LEGLISE, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>POST ACUTE MEDICAL, PLLC d/b/a PAM HEALTH; PAM SPECIALTY HOSPITAL OF RENO; PAM SPECIALTY HOSPITAL OF LAS VEGAS and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:26-cv-00245-ART-CLB<br><br>**ORDER ADOPTING PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>[ECF No. 21] |

Plaintiff MARYANN LEGLISE ("Plaintiff"), by and through her counsel of record THIERMAN BUCK, and Defendants POST ACUTE MEDICAL, PLLC[1] d/b/a PAM HEALTH;

---

[1] Plaintiff's Complaint named Post Acute Medical, *PLLC*, however, the actual named of the Defendant is Post Acute Medical, LLC; this was a scrivener's error. Although Defendant's

**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

PAM SPECIALTY HOSPITAL OF RENO; PAM SPECIALTY HOSPITAL OF LAS VEGAS ("PAM Health") (collectively referred to as "Defendants" and Plaintiff and Defendants are collectively referred to as the "Parties"), by and through its counsel of record, LITTLER MENDELSON, P.C., conducted a meet and confer pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f) and Local Rule ("LR") 26-1 on June 17, 2026. Because this case is filed as putative collective and class action, the Parties request additional time for discovery purposes, and a special scheduling review is requested pursuant to LR 26-1(a) and for good cause, showing that discovery will necessarily include FRCP 30(b)(6) depositions, deposition of Plaintiff Leglise and potential opt-in plaintiffs, and data experts throughout the State of Nevada.

The Parties hereby submit the following Joint Case Management Report and [Proposed] Discovery Plan and Scheduling Order ("DPSO").

## INTRODUCTION AND PROCEDURAL POSTURE

This is a putative collective action pursuant to the Fair Labor Standards Act ("FLSA") and class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23 pursuant to Nevada wage and hour laws. The case was filed on April 8, 2026, against Defendants in the United States District Court in the District of Nevada. (ECF No. 1.) The Complaint asserted the following five (5) causes of action: (1) Failure to Pay Overtime in Violation of the Fair Labor Standards Act, 29 U.S.C., §207(a)(1); (2) Failure to Pay Minimum Wages in Violation of the Nevada Constitution and NRS 608.250, *et seq.*; (3) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016; (4) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018; (5) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.020 - .050. (*Id.*) Plaintiff also asserted a Lien pursuant to NRS 608.050 as well as made a jury demand. (*Id.*)

Plaintiff brings the First Cause of Action (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collective of similarly situated employees defined as:

---

Answer asserts Post Acute Medical, LLC is not an employing entity and did not employ Plaintiff at any time relevant hereto, (ECF No. 17), Plaintiff rejects this contention.

THIERMAN BUCK
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**FLSA Class:** All current and former non-exempt patient-care employees who were employed by Defendants in the State of Nevada during the relevant time period.

Plaintiff brings the Second through Fifth Causes of Action (the Nevada Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

**Nevada Meal Break Class:** All nonexempt hourly paid employees employed by Defendants in the State of Nevada who clocked out for a meal break lasting less than 30 minutes in duration during a continuous shift of 8 hours or more at any time during the relevant time period alleged herein.

**Continuation Wage Class:** All members of the FLSA and/or Nevada Meal Break Class who are no longer employed by Defendants.

Plaintiff Maryann Leglise was employed by Defendants as a non-exempt hourly paid Registered Nurse at their PAM Reno location from on or about January 21, 2024, to on or about January 3, 2026, when she was terminated. (ECF No. 1, ¶22.) Plaintiff was paid $51.27 per hour at the time of her termination, plus bonuses and weekend overtime rates. (*Id.,* ¶23.) Plaintiff was regularly scheduled three (3) days a week, twelve (12) hour shifts, plus she was required to pick up random and weekend shifts, which resulted in Plaintiff working over forty hours in a workweek. In her Complaint Plaintiff alleges she was regularly deprived of a full thirty-minute meal period, which is unlawful pursuant to Nevada wage hour law. (*Id.,* §C.) Plaintiff also alleges that she only received a meal period of short duration, running from 5 minutes to 20 minutes or less, which under federal law must be counted as hours worked and thus compensated. (*Id.,* §B.)

Defendants deny that Plaintiff or any putative class member was underpaid and maintain that employees were compensated for all hours worked in compliance with applicable federal and Nevada law. Defendants also contend that Plaintiff cannot establish collective or class treatment because the claims depend on individualized circumstances, including whether any employee actually worked during meal periods, whether any allegedly missed compensation resulted in overtime, and whether employees are similarly situated. Defendants further dispute that Post Acute Medical, LLC was Plaintiff's employer and deny the existence of any uniform unlawful meal-break policy.

Defendants assert that employees were fully compensated for all hours worked and that

**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

any challenged pay practices were implemented in good faith and with a reasonable belief that they complied with the FLSA and Nevada law, which would defeat allegations of willfulness and limit or eliminate liquidated damages. Defendants contend that the ordinary two-year FLSA limitations period applies because there was no willful violation. In addition, Defendants contend that Plaintiff cannot establish a common unlawful policy applicable to all putative class members and that any allegedly uncompensated time may be non-compensable or de minimis.

All Defendants were served on April 17, 2026. (ECF Nos. 8, 9, 10.)

By Stipulation of the Parties, Defendants timely filed the Answer to Plaintiff's Complaint on June 1, 2026. (ECF Nos. 12, and 17, respectively.) Defendants' Answer generally denies all claims and asserts thirty-six (36) affirmative defenses.

There are no other pending motions before the Court at this time.

## PROPOSED DISCOVERY SCHEDULE

### I.    Rule 26(f) Conference

Pursuant to FRCP 26(f) and Local Rule 26-1(d), a telephonic meet and confer was held on June 17, 2026, and was attended by Leah L. Jones, on behalf of Plaintiff, and Will Liles, on behalf of Defendants.

**A.    Subjects upon which Discovery may be needed:** The Parties agree that discovery may be needed on all matters set forth in the operative Complaint and any defenses raised by Defendants thereto. The foregoing statement of subjects of discovery in no way constitutes a waiver of any Party's right to assert good faith objections to discovery requests or deposition inquiries as appropriate. The Parties agree to take all reasonable steps to prevent protracted discovery disputes. The Parties affirm their requirement to meet and confer pursuant to LR 26-6 prior to involving the Court in any discovery disputes.

**B.    Limitations on Discovery:** Because this case is filed as a putative collective and class action, the Parties request additional time for discovery purposes and thus a special scheduling review is requested pursuant to LR 26-1(a). The Parties do not request any other changes to the limitations imposed by the discovery rules under the FRCP, except as otherwise

**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

provided herein or ordered by the Court. The Parties further reserve the right to seek changes to the discovery rules if the need arises.

**C.** **Discovery Disputes:** The Parties agree that before moving for an order relating to discovery, the Parties must comply with the Federal Rules of Civil Procedure, applicable Local Rules of the District, and the assigned judges' Standing Orders.

**D.** **Other Orders Pursuant to FRCP 26(f)(3)(F):** The Parties recognize their mutual obligation to preserve information that is potentially relevant to the claims and defenses alleged in this action. All Parties will make efforts to preserve ESI in their possession, custody, or control where the ESI may include information relevant to the litigation. The Parties' preservation of ESI will also be consistent with the obligation under the FRCP.

The Parties anticipate that this action may involve significant amounts of electronically stored information ("ESI"), namely data from payroll and timekeeping systems. In the event that extensive ESI is to be produced, the Parties will work cooperatively on an appropriate protocol.

**E.** **Privileged Materials:** The Parties do not anticipate any issues regarding claims of privilege or of protection of trial-preparation materials at this time. The Parties will submit aa stipulated protective order for the Court's review and approval concurrently herewith.

**II.** **Proposed Discovery Plan**

**A.** Initial Disclosures.

Initial disclosures pursuant to FRCP 26(a)(1)(A) will be exchanged within fourteen (14) calendar days of approval of the Parties Discovery Plan and Scheduling Order ("DPSO").

**B.** Discovery Cut-Off Date

The Parties request additional time to complete discovery given the potential for motion practice, the nature of issues involved in the case, and because Plaintiff has asserted this case as a collective and class action.

The Parties propose the following discovery cut-off date to complete all discovery related to the scope of any class and/or subclasses, merits, and liability equal to two hundred and fifteen (215) days from the date of the Parties' Rule 26(f) conference, or **Monday, January 18, 2027.**

**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

### C.    Amending the Pleadings

Pursuant to LR 26-1(b)(2) the last day to file motions to amend pleadings is ninety (90) days prior to the close of discovery, or **Tuesday, October 20, 2026**.

### D.    Disclosure of Expert Witnesses

Pursuant to LR 26-1(b)(3) expert disclosures must be made no later than fifty-nine (59) days prior to close of discovery, or **Thursday, November 19, 2026**.  Disclosures identifying rebuttal experts shall be made within thirty-two (32) days after the initial disclosure of experts, or **Monday, December 12, 2026.**

### E.    Dispositive Motions

Pursuant to LR 26-1(b)(4), because the scope of any collective or class is currently unknown, it is the Parties' position that it would be premature to establish a dispositive motion deadline at this time. The Parties propose that they jointly submit an updated proposed scheduling order which includes deadlines regarding any interim status reports, updated expert disclosures (if any) dispositive motions, and trial twenty-one (21) days after either: (1) any notice period closes, should the Court grant the motion(s) for certification; or (2) the Court denies the motion(s) for certification. An amended scheduling order regarding relevant deadlines should be entered after FRCP class certification has been decided.

### F.    Motion for 216(b) Notice of Collective Action

Plaintiff filed her motion for conditional certification pursuant to 216(b) on July 2, 2026. ECF No. 19. Defendant's response shall be due thirty-two y (32) days thereafter, or **Monday, August 3, 2026.** Plaintiff's reply shall be due twenty-one (21) days thereafter or **Monday, August 24, 2026**.

### G.    Motion for FRCP 23 Class Certification

The Parties propose that the filing of Plaintiff's motion for FRCP 23 class certification shall be ninety-one (91) days after the close of Discovery on or **Monday, April 19, 2027**. Defendant's response shall be due thirty - (30) days thereafter or **Tuesday, May 18, 2027**. Plaintiff's reply shall be due twenty-one (21) days thereafter, or **Tuesday, June 8, 2027**.

[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**H.**     Pre-Trial Order

Pursuant to LR 26-1(b)(5), because the viability and scope of any collective or class action has not been decided by the Court, it is the Parties' position that it would be premature to establish a pre-trial order deadline at this time. The Parties propose that they confer and make good faith efforts to agree to jointly submit an updated proposed scheduling order which includes deadlines regarding any additional interim status report(s), any updated expert witness disclosures, dispositive motions, addition of parties, and trial twenty-one (21) days after the Court rules on any motion directly related to class certification.

**I.**     FRCP 26(a)(3) and LR 26-1(b)(6) Disclosures

The Parties agree to include their disclosures required by FRCP 26(a)(3) and any objections thereto in the joint pretrial order.

**J.**     Extension of Scheduled Deadlines

The Parties agree to comply with LR 26-3, which states: Applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.  All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline.

A request made after the expiration of the subject deadline shall not be granted unless the movant demonstrates that the failure to act was the result of excusable neglect and comply with LR 26-3.  Any motion or stipulation to extend or to reopen discovery shall include:

1)     A statement specifying the discovery completed;

2)     A specific description of the discovery that remains to be completed;

3)     The reasons why the deadline was not satisfied or the discovery remaining was not completed within the time limits set by the discovery plan; and

4)     A proposed schedule for completing all remaining discovery.

**F.**     Alternative Dispute Resolution. In compliance with LR 26-1(b)(7), the Parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and neutral evaluation. Given that this

[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER

action is brought as a putative statewide class action, the Parties reserve the right to further confer about the possibility of using alternative dispute resolution processes at the close of discovery.

**G.**    <u>Alternative Forms of Case Disposition</u>**.** In compliance with LR 26-1(b)(8), the Parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program.

**K.**    <u>Use of Electronic Evidence in Jury Trial</u>**.** A jury trial has been demanded (ECF No. 1), and in compliance with LR 26-1(b)(9), the Parties anticipate that they will be presenting evidence in an electronic format, in the event this case is not resolved prior to trial. The Parties stipulate and agree that any electronic evidence will be reduced to searchable .pdf documents or other reasonably usable formats, to the extent practicable, in compliance with the Court's requirements for the electronic evidence.

**L.**    <u>Final Pretrial Conference</u>

The Final Pretrial Conference shall be held three (3) weeks prior to the scheduled Trial Date.

/ / /

/ / /

/ / /

**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89501
Tel: (775) 284-1500 / Fax: (775) 703-5027
Email: info@thiermanbuck.com / Website: www.thiermanbuck.com

**M.**    Trial Date

The Parties believe setting a proposed trial date and length would be premature at this time.

Dated:  July 8, 2026

*/s/ Leah L. Jones*
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89509
(775) 284-1500

*Attorneys for Plaintiff and
the Putative Classes*

Dated:  July 8, 2026

*/s/ William R. Liles*
Allison C. Williams, Bar No. 24075108
*Admitted Pro Hac Vice*
William R. Liles, Bar No. 24083395
*Admitted Pro Hac Vice*
**LITTLER MENDELSON, P.C**.
1301 McKinney St., Ste. 1900
Houston, Texas 77010
Telephone:    713-652-4700
Fax No.:        713-513-5962

Diana G. Dickinson, Esq.
Nevada Bar No. 13477
**LITTLER MENDELSON, P.C.**
8474 Rozita Lee Avenue
Suite 200
Las Vegas, NV 89113.4770
Telephone:    702.862.8800
Fax No.:        702.862.8811

*Attorneys for Defendants*

**ORDER**

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated:  July 8, 2026

[PROPOSED] STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER