**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| MARYANN LEGLISE,<br>Plaintiff,<br>v.<br>POST ACUTE MEDICAL, PLLC, *et al.*,<br>Defendants. | Case No. 3:26-CV-00245-ART-CLB<br>**ORDER GRANTING PLAINTIFF'S MOTION FOR CIRCULATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)**<br>[ECF No. 19] |

Currently pending before the Court is Plaintiff MaryAnn Leglise's ("Leglise") motion for circulation of notice pursuant to 29 U.S.C. § 216(b). (ECF No. 19.) Defendants Post Acute Medical, PLLC D/B/A Pam Health, PAM Specialty Hospital of Reno, and PAM Specialty Hospital of Las Vegas (collectively referred to as "Defendants") responded, (ECF No. 28), and Leglise replied. (ECF No. 31.) For the reasons stated below, the motion for circulation of notice pursuant to 29 U.S.C. § 216(b) is granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Leglise was a registered nurse employed by Post Acute Medical PLLC ("PAM") from January 21, 2024, through on or about January 3, 2026, when she was terminated. (ECF No. 1 at 5, ECF No. 13 at 8.) Leglise initiated this suit on April 8, 2026, and alleges claims for failure to pay wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, and various Nevada statutes. (*See* ECF No. 1.) Leglise brings this action on behalf of herself and as a putative FLSA collective action for other PAM patient care employees. (*Id.*)

Leglise now moves for circulation of notice of the pendency of the FLSA collective action under 29 U.S.C. § 216(b). (ECF No. 19.) She asks that the Court allow circulation of notice to all individuals who are, or have been employed, as non-exempt patient care employees from April 8, 2023, to the present day so that those individuals who potentially have materially related FLSA claims may "opt in" to the collective action. (*Id.* at 10.)

Leglise has provided proposed Notice of Action and Consent to Join forms, (ECF Nos. 19-1, 19-2), and asks that the Court toll the statute of limitations. (ECF No. 19 at 10-12.) Defendants have opposed the motion for circulation of notice, arguing preliminary certification of the class is improper based on the breadth of the class described and the amount of evidence presented. (ECF No. 28 at 3-4.) Leglise replied, asserting that Defendants misunderstand the FLSA collective action process and the applicable preliminary stage standard. (ECF No. 31 at 1.)

**II. LEGAL STANDARD**

When considering whether to approve a motion for circulation of notice pursuant to 29 U.S.C. § 216(b), the Court must determine whether to grant preliminary certification of the FLSA collective action. "[W]orkers may join a collective action if they claim a violation of the FLSA, are 'similarly situated' to the original plaintiff, and affirmatively opt in." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1108 (9th Cir. 2018) (construing 29 U.S.C. § 216(b)). In evaluating the propriety of a section 216(b) collective, the Ninth Circuit has endorsed a two-step "certification" process. *Id*. at 1100 (citation omitted). The first step requires the named plaintiff(s) to move for preliminary certification of the collective, which "refers to the dissemination of notice to putative collective members, conditioned on a preliminary determination that the collective as defined in the complaint satisfies the 'similarly situated' requirement of section 216(b)." *Id*. at 1109. For the second step, after necessary discovery has been completed, the defendant(s) may move for "decertification" of the collective action on the ground that the fully developed record did not support a finding that the collective was sufficiently "similarly situated" pursuant to section 216(b). *Id.*

The FLSA itself does not define the term "similarly situated," but the Ninth Circuit has determined that "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id*. at 1117. Workers may be considered "similarly situated" when they are subject to the same policy or practice that is alleged to violate the FLSA and

share a common theory of the defendant's statutory violations. *See Senne v. Kansas City Royals Baseball Corp*., 934 F.3d 918, 949 (9th Cir. 2019), *cert. denied*, 592 U.S. 917 (2020), *disapproved of on other grounds by Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651 (9th Cir. 2022). The rigor at which to test the showing of workers being "similarly situated" varies depending on the stage of litigation. At the first step of the certification process, the analysis is "typically focused on a review of the pleadings but may sometimes be supplemented by declarations or limited other evidence." *Campbell*, 903 F.3d at 1109. Of significant importance to the current motion, the requisite level of consideration at the first step is a "lenient" one that is "loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Id*.

## III. DISCUSSION

### A. Evidence Requirement

First, the Court will address what degree of evidence is required for preliminary certification requested by Leglise. In the motion, Leglise cites to the initial standard that "plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." (ECF No.19 at 3 (citing *Campbell*, 903 F.3d at 1117).) Leglise argues that the decision as to whether to certify a collective action is within the discretion of the district court. (*Id.* at 7 (citing *Adams v. Inter-Con Sec. Sys.,* 242 F.R.D. 530, 535 (N.D. Cal. 2007) (internal citations omitted).)

By contrast, Defendants argue *Britain v. Clark County* demonstrates that preliminary certification requires "substantial allegations supported by declarations or discovery, that the putative class members were together the victims of a single decision, policy, or plan." (ECF No. 28 at 5 (citing *Britain v. Clark County*, No. 2:12-cv-01240-JAD-NJK, 2016 WL 730725, 2016 U.S. Dist. LEXIS 22453, at *3-5 (D. Nev. Feb. 23, 2016).) As a starting point, this case is not controlling authority. Per this Court's Local Rules, "[a] decision by one judge in this district is not binding on any other district judge (unless the doctrines of law of the case, res judicata, or collateral estoppel otherwise apply) and does

not constitute the rule of law in this district." LR IA 7-3(f).

However, even if *Britain* was controlling, *Britain* does not establish that declarations or other evidence from multiple employees are required for conditional certification. Rather, the court conditionally certified the collective after plaintiffs presented evidence from multiple individuals, but the court had previously denied certification for reasons unrelated to the amount of evidence presented: "(1) the scope of time for the collective action was unclear; (2) no draft notice was provided; (3) no method of service for the notice and consent-to-sue form was proposed; and (4) no request was made to appoint interim class counsel." *Id*. at *2. Although the court noted that at least fifteen deponents testified that they worked unpaid hours, it ultimately stated only that plaintiffs had "provided sufficient evidence to support a finding that these individuals are similarly situated." *Id*. at *3.

Defendants also rely on *Porteous v. Capital One Services II, LLC,* No. 2:17-cv-2866-JCM-GWF, 2020 WL 3128594 (D. Nev. June 12, 2020) to support their argument. However, Leglise correctly points out that this case also fails to establish that evidence from multiple employees is necessary for preliminary certification. *Porteous*, 2020 WL 3128594, at *2-3) (denying collective action class certification based on contents of declarations and "shortcomings in plaintiff's allegations" without addressing the Ninth Circuit's 2018 decision in *Campbell*). As the Ninth Circuit explains in *Campbell*, "[a]t this early stage of the litigation, the district court's analysis is typically focused on a review of the pleadings but may *sometimes* be supplemented by declarations or limited other evidence." *Campbell*, 903 F.3d at 1109 (emphasis added).

Accordingly, the Court rejects Defendants' argument and finds that declarations or other evidence may supplement the pleadings, but they are not a prerequisite to preliminary certification. *Id*. Moreover, the Court agrees that a plaintiff should not be required to provide numerous employee declarations or opt-in consents before preliminary certification because plaintiffs generally lack access to the defendant's workforce, and such a requirement would undermine the purpose of preliminary

certification and court-approved notice. See e.g., *Lewis v. Nev. Prop. 1, L.L.C.*, No.: 2:12-cv-01564-MMD-GWF, 2013 WL 237098, at *9 (D. Nev. Jan. 22, 2013) (holding that the court does not give weight to disparity between the parties' declarations at the conditional certification stage, where plaintiff made the required minimal showing of an employee policy requirement). Indeed, "most courts do not require the plaintiff to obtain significant numbers of consents to join the action prior to granting conditional certification." *Id*. at *9.

Consequently, for the purposes of preliminary class certification, the information provided in the pleadings controls, and no further evidence is required for preliminary class certification. *Campbell*, 903 F.3d at 1109, *Lewis*, 2013 WL 237098, at *9. [1]

**B. Similarly Situated**

The Court next turns to whether the requested putative class has met the standard of "similarly situated" sufficient for preliminary certification. *Campbell*, 903 F.3d at 1108. In the present motion, Leglise seeks preliminary certification of an FLSA class consisting of all current and former non-exempt patient-care employees who were employed by PAM in the State of Nevada from April 8, 2023, to the present day. (ECF No. 19 at 4.) Preliminary certification rests upon whether the putative opt-in plaintiffs are "similarly situated" to the named plaintiffs. 29 U.S.C. § 216(b). "[W]hat similarly situated means is, in light of the collective action's reason for being within the FLSA, that party plaintiffs must be alike with regard to some *material* aspect of their litigation." *Campbell*, 903 F.3d at 1114 (emphasis original).

Leglise argues there are both common issues of fact and law among the proposed group based on the following criteria: (1) classification as a non-exempt hourly-paid patient care employee; (2) requirement to use a computer with their own personal username and passwords and to clock in and out for lunch periods, (3) denial of FLSA compliant break period of at least 20 minutes in duration; and (4) employment in the state

---

[1] The Court notes that even if such evidence were required, Leglise has provided declarations from both herself and another employee, Ms. Casteel, to supplement the pleadings. (ECF Nos. 19-3, 31-2.) Therefore, Leglise did provide some additional evidence to support preliminary certification.

of Nevada. (ECF No. 19 at 9.) In addition to her own declaration (ECF No. 19-3), Leglise provided a declaration from another employee, Ms. Casteel, a Cardiac Telemetry Monitor Technician in her reply. (ECF No. 31-2.) Ms. Casteel's declaration establishes that she would meet the criteria to be included in proposed group. (*Id.* at 2-3.)

Defendants argue that a proposed group comprising of all non-exempt patient care employees is too broad. (ECF No. 28 at 10.) Defendants assert Leglise "offers no evidence demonstrating that these various positions share materially similar job duties, responsibilities, staffing demands, supervisory structures, scheduling practices, or meal-period experiences." (*Id.*) Defendants also argue Leglise presents no evidence demonstrating that the variety of employees and positions experienced meal-period interruptions under comparable circumstances or were affected by a common compensation practice. (*Id.* at 11.) However, inclusion of Ms. Casteel's declaration cuts against the Defendants' argument that the proposed class is too broad for preliminary certification because Ms. Casteel, a Cardiac Telemetry Monitor Technician, performs a different patient care role than Leglise, a Registered Nurse. (ECF No. 31-2 at 1; ECF No. 19-3 at 1.)

Although the use of a computer for employee clock-in and clock-out procedures is insufficient, standing alone, to establish that the putative collective is similarly situated, the Court finds this does not preclude preliminary certification. The fact that all non-exempt employees were subject to the same mealtime policy at the PAM facilities and potentially did not receive their allotted lunchtime is sufficient to qualify the collective at the first step under the standard outlined in *Campbell*. The *Campbell* standard makes clear that for preliminary certification, the requisite level of consideration at the first step is a "lenient" one that is "loosely akin to a plausibility standard, commensurate with the stage of the proceedings." *Campbell*, 903 F.3d at 1109.

Based upon the lenient standard required for preliminary class certification, the Court holds that the putative class is similarly situated based upon material aspects of the employee mealtime policy and whether or not that policy was administered to the non-

exempt patient care employees. Based on all the above, the Court grants Leglise's motion for circulation of notice pursuant to 29 U.S.C. § 216(b).

**C. Notice**

The Court will next discuss whether the proposed notice may be sent to all similarly situated plaintiffs. Section 216(b) of the FLSA authorizes an employee to bring an action on behalf of similarly situated employees, but requires that each employee opt-in to the suit by filing a consent to sue with the district court. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (citing 29 U.S.C. § 216(b)). To facilitate this process, a district court may authorize the named plaintiffs in a FLSA collective action to send notice to all potential plaintiffs, and may set a deadline for plaintiffs to join the suit by filing consents to sue. *See Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 169, 172 (1989).

Leglise asks that the drafted Notice of Pendency, (ECF No. 19-1), be sent to the proposed class members and argues that the notice clearly and neutrally defines who may participate in the action. (ECF No. 19 at 10.) Defendants assert that the FLSA permits notice to similarly situated employees, however, it does not permit notice to determine whether similarly situated employees exist. (ECF No. 28 at 13.) Defendants fail to cite any statute or case law supporting their argument. (*See id.*) In fact, the Supreme Court has explained that "the sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citing *Hoffmann-La Roche Inc.,* 493 U.S. at 171–172; § 216(b)). Thus, where the Court finds that potential plaintiffs are similarly situated for the purposes of conditional class certification under section 216(b), the Court then sends notice to those potential plaintiffs. *See Fetrow-Fix v. Harrah's Ent., Inc.,* No. 2:10-CV-00560-RLH, 2011 WL 6938594, at *6 (D. Nev. Dec. 30, 2011).

Defendants next argue that if notice is granted, the proposed notice is not sufficiently neutral and therefore should be revised. (ECF No. 28 at 16.) The Court agrees.

The proposed notice repeatedly characterizes the wages at issue as compensation to which employees are "entitled" although Defendants dispute liability and the Court has made no findings regarding the merits of Leglise's allegations. (ECF No. 19-1 at 2.) The notice should therefore be revised to address these concerns. The parties are therefore ordered to meet and confer with respect to Exhibits A & B attached to Leglise's motion, (ECF Nos. 19-1, 19-2), to ensure these documents are properly neutral and to resubmit revised versions of these documents after the meet and confer process is complete.

**D. Equitable Tolling**

Finally, the Court will address whether Leglise has qualified for equitable tolling of the statute of limitations. Leglise asks the Court to equitably toll the statute of limitations for the period during which her motion for preliminary certification is pending and during the notice period. (ECF No. 19 at 10-12.) Defendants oppose tolling, arguing that equitable tolling is an extraordinary remedy that is not warranted merely because a motion for preliminary certification is pending. (ECF No. 28 at 14 (citing *Cranney v. Carriage Services, Inc.*, 559 F. Supp. 2d 1106, 1109 (D. Nev. 2008)).)

The Court may equitably toll the statute of limitations where a plaintiff demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649). In the FLSA context, courts have recognized that the time required for a court to resolve a motion for certification of a collective action may constitute an extraordinary circumstance warranting equitable tolling. *Small v. Univ. Med. Ctr. of S. Nevada*, No. 2:13-CV-00298-APG-PAL, 2013 WL 3043454, at *3 (D. Nev. June 14, 2013) (citing *Yahraes v. Restaurant Assocs. Events Corp.*, 2011 WL 844963, at *2 (E.D.N.Y. 2011)).

Here, the Court finds equitable tolling is appropriate to prevent potential opt-in plaintiffs from being prejudiced by the time necessary to resolve Leglise's motion and facilitate court-approved notice. Accordingly, the Court will apply equitable tolling and toll

the statute of limitations through the notice period.

**IV. CONCLUSION**

**IT IS THEREFORE ORDERED** that Leglise's motion for circulation of notice pursuant to 29 U.S.C. § 216(b), (ECF No. 19), is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties shall meet and confer regarding Exhibits A and B attached to Leglise's motion, the proposed Notice of Action and Consent to Join, to ensure that they are properly neutral.

**IT IS FURTHER ORDERED** that on or before **Friday, October 23, 2026**, the parties shall either file the revised proposed Notice of Action and Consent to Join following the meet and confer or submit a status report addressing their meet and confer sessions.

**IT IS SO ORDERED.**

**DATED**: September 24, 2026.

**UNITED STATES MAGISTRATE JUDGE**