**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARYANN LEGLISE, on behalf of herself and all other similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>POST ACUTE MEDICAL, PLLC d/b/a PAM HEALTH; PAM SPECIALTY HOSPITAL OF RENO; PAM SPECIALTY HOSPITAL OF LAS VEGAS and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:26-cv-00245-ART-CLB<br><br>**ORDER GRANTING**<br><br>**STIPULATION TO STAY ALL PROCEEDINGS PENDING MEDIATION** |

Plaintiff MaryAnn Leglise and Defendants Post Acute Medical, LLC[1], D/B/A Pam Health; PAM Specialty Hospital of Reno; PAM Specialty Hospital of Las Vegas ("Defendants")

[1] Plaintiff's Complaint named Post Acute Medical, PLLC, however, the actual named of the Defendant is Post Acute Medical, LLC; this was a scrivener's error. Although Defendant's Answer asserts Post Acute Medical, LLC is not an employing entity and did not employ Plaintiff

(together, the "Parties"), by and through counsel, hereby agree and stipulate to stay all proceedings in this matter for one-hundred four (104) days from October 20, 2026, up to and including February 1, 2027. The requested stay is intended to allow the Parties the opportunity to engage in private resolution efforts of Plaintiff's pending claims. The requested stay would include all current deadlines.

The purpose of this stipulation is to promote judicial economy and permit this Court to effectively control the disposition of cases on its docket with economy of time and effort for itself, counsel, and the litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the dispositions of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Pate v. DePay Orthopedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, *2 (D. Nev. Aug. 14, 2012) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (internal citations omitted). In evaluating whether to stay proceedings, the Court considers the competing interests of the parties and of the Court, including "'possible damage which may result in granting the stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could expected to result from a stay.'" *Coker v. Dowd*, No. 2:13-cv-0994-JCM-NJK, 2013 WL 12216682, *1 (D. Nev. Jul. 8, 2013) (granting joint motion to stay all proceedings pending mediation), quoting *Lockyer v. Mirant Corp.,* 398 F.3d 1098, 1110 (9th Cir. 2005).

The Parties have agreed to mediate with the Honorable David Wall (Ret.) on January 6, 2027, to potentially resolve this litigation in its entirety. Because this is a putative class action, and because of the upcoming Holidays, such exploration is more complex and time consuming. The Parties agree that their interests are aligned in seeking to potentially resolve the matter without expending unnecessary litigation costs and efforts, and that neither Plaintiff nor

at any time relevant hereto, (ECF No. 17), Plaintiff rejects this contention. Accordingly, reference to Defendant Post Acute Medical, PLLC throughout is not an admission or waiver by either party of the intent to name the proper entity, Post Acute Medical LLC.

Defendants will be prejudiced by a stay of the proceedings. The Parties also agree that they will each suffer an avoidable hardship – time and money spent litigating – if the matter is required to proceed at this stage considering the Parties' agreement to explore a potential resolution. Lastly, the Parties respectfully submit that staying all proceedings will avoid the waste of judicial resources by simplifying or entirely disposing of the issues in this action. Accordingly, the Parties agree and stipulate that good cause exists to stay all proceedings as requested herein.

The Parties will file a joint status report informing the Court of the outcome of their efforts to resolve Plaintiff's claims on or before February 1, 2027:

1. Should the Parties reach a settlement of all claims, the Parties will update the Court as to the tentative resolution and set forth a proposed briefing schedule for settlement approval; or

2. Should the Parties be unsuccessful at resolving all claims, the Parties shall inform the Court which, if any, claims were not resolved and propose a scheduling order for the matter to proceed, including the Parties' proposed amended notice pursuant to ECF No. 32, specific to the notification to the putative collective.

/ / /

/ / /

/ / /

This stipulation is submitted in good faith to allow the parties to potentially resolve the matter entirely and is not for the purpose of causing any undue delay. This is the first request to stay this case.

**SO STIPULATED this 20th day of October 2026:**

Dated: October 20, 2026

*/s/ Leah L. Jones*
Joshua D. Buck, Nev. Bar No. 12187
Leah L. Jones, Nev. Bar No. 13161
**THIERMAN BUCK**
325 W. Liberty Street
Reno, NV 89509

*Attorneys for Plaintiff and the Putative Classes*

Dated: October 20, 2026

*/s/ Allison C. Williams*
Allison C. Williams, Bar No. 24075108
*Admitted Pro Hac Vice*
William R. Liles, Bar No. 24083395
*Admitted Pro Hac Vice*
**LITTLER MENDELSON, P.C**.
1301 McKinney St., Ste. 1900
Houston, Texas 77010

Diana G. Dickinson, Esq.
Nevada Bar No. 13477
**LITTLER MENDELSON, P.C.**
8474 Rozita Lee Avenue, Ste. 200

*Attorneys for Defendants*

**ORDER**

**IT IS SO ORDERED.**

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2026.